UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANDREA AMERSON,

    Plaintiff,　　　　　　　　　　　　　　　　　　　　　Case No. 17-10617

FAMILY DOLLAR STORES OF MICHIGAN,　　　　　HON. AVERN COHN
INC., d/b/a FAMILY DOLLAR,

    Defendant.
_____/

### MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 16)[1]
### AND DISMISSING CASE

I.

This is a tort case. Plaintiff alleges she was injured after a fall at a Family Dollar Store. As will be explained, plaintiff has failed to take action in furtherance of her claim. Before the Court is defendant's motion to dismiss. For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

II.

In February 2017, plaintiff, through counsel, filed a complaint in state court claiming injuries from a fall at a Family Dollar Store. Defendant timely removed the case to federal court. Thereafter, defendant scheduled plaintiff's deposition for June 12, 2017. Defendant also served a "Notice of Taking Deposition" on plaintiff's counsel. However, because defendant was unable to confirm plaintiff's appearance though plaintiff's counsel, defendant had to cancel the deposition.

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Defendant scheduled plaintiff's deposition for a second time for July 25, 2017. Defendant's counsel also served a "Notice of Taking Deposition" on plaintiff's counsel. Plaintiff did not appear for the deposition.

On June 29, 2017, plaintiff's counsel filed a Motion to Withdraw as Attorney for Plaintiff. (Doc. 12). The Court granted the motion after a hearing. (Doc. 15). The Court also ordered plaintiff to retain new counsel within thirty (30) days or proceed pro se. Id. Plaintiff did not retain new counsel.

Plaintiff, now pro se, was scheduled to appear for a third time for deposition on October 12, 2017. Defendant served a "Notice of Taking Deposition" on plaintiff. Plaintiff did not appear for the deposition.

Under the scheduling order, discovery closed on October 23, 2017. (Doc. 11).

On November 11, 2017, defendant filed the instant motion to dismiss on the grounds that plaintiff has failed to comply with discovery or otherwise participate in the case. (Doc. 16). Under the local rules a response was due within 21 days, or by approximately December 5, 2017. See E.D. Mich. LR 7.1 (e)(1)(B). Plaintiff did not file a response. On December 27, 2017, the Court ordered plaintiff to file a response to the motion by January 22, 2018. (Doc. 17). To date, plaintiff has not filed a response to defendant's motion.

III.

The Court may dismiss an action pursuant to Rule 37(b)(2) when "a party ... fails to ... provide or permit discovery," and under Rule 37(d) for a party's failure to appear for his or her deposition after being served with proper notice. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(1)(A)(I). See Mooney v. Cent. Motor Lines, Inc., 222 F.2d 569,

571–72 (6th Cir.1955). Likewise, Rule 41(b) authorizes the Court to dismiss a case if the plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir.1997). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. AT & T, 176 F.3d 359, 363 (6th Cir.1999) (internal quotations and citations omitted). The Court, therefore, is given "substantial discretion in serving these tasks." Id.

Further, "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." Humphrey v. United States AG Office, 279 F. App'x 328, 331 (6th Cir. 2008) (internal citations and quotations omitted).

IV.

Here, as indicated in detail above, it is evident that plaintiff has failed to comply with discovery or otherwise pursue this case. Dismissal is appropriate under Rule 37, Rule 41(b) and because plaintiff failed to respond to defendant's motion.

SO ORDERED.

S/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: 1/29/2018
    Detroit, Michigan